UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN HAWKINS,<br><br>        Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF JUSTICE,<br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS & EXPLOSIVES,<br><br>        Defendant. | Civil Action No. 07-2077 (PLF) |

## NOTICE OF FILING OF STIPULATION OF DISMISSAL

Pursuant to Fed. R. Civ. P. 41(a)(1)(ii), and by agreement of the parties, defendant, U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), respectfully files the Settlement Agreement, attached as Exhibit A hereto, as a stipulation of dismissal by all parties in this action. Specifically, on March 26, 2008, plaintiff, Kevin J. Hawkins, who is proceeding pro se in this case, and ATF executed a global "Settlement Agreement" that "resolv[ed] any and all claims arising out of [Hawkins'] employment with ATF . . . including but not limited to the complaint [in the instant case]." In further support of plaintiff's agreement that the complaint in this case should be dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), defendant states the following:

    1.    Plaintiff's complaint in the instant case alleges employment discrimination by ATF, his employer, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff also asserted claims arising from his ATF employment in matters pending before the Merit Systems Protection Board ("MSPB") and Office of Special Counsel.

2. On March 26, 2008, plaintiff and his authorized representative executed the attached Settlement Agreement in the MSPB matter, which is captioned as <u>Kevin J. Hawkins v. Department of Justice</u>, Docket No. DC-1221-08-0064-W-1 (Edward J. Manning, Administrative Judge).

3. Plaintiff and ATF agreed that the Settlement Agreement could be filed as a stipulation of dismissal of this action, with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. Specifically, pursuant to paragraph 9 of the Settlement Agreement, plaintiff agreed to the following:

> In consideration for the [ATF]'s promises as outlined above, [Hawkins] agrees to, and <u>hereby does by his signature below, [] enter into a Stipulation of Settlement and Order of Dismissal in his district court case</u> pending in the United States District Court for the District of Columbia, Hawkins v. Department of Justice, Civil Action No. 07-cv-02077 . . . . with prejudice.

(Ex. A) (emphasis added).

4. Pursuant to paragraph 11 of the Settlement Agreement, Hawkins "release[d] and discharge[d] [ATF] . . . from any and all liability, claims, causes of action, etc., resulting from or relating to, in any way whatsoever, the subject matter of this agreement, or otherwise concerning [Hawkins'] employment with ATF to the date this agreement is fully executed . . . ." Accordingly, the Settlement Agreement constitutes the full, final, and complete relief that plaintiff may have for the conduct alleged in this action.

5. Hawkins and ATF expressly stipulated in paragraph 12 of the Settlement Agreement that the "Agreement does not constitute an admission by ATF of any violation of applicable laws, or of any other Federal, state or local statute or regulations."

6. The MSPB retains jurisdiction over the Settlement Agreement, pursuant to paragraph 15 thereof, and this Court therefore does not need to retain jurisdiction over enforcement of the

2

agreement or any provision thereof.

7. Pursuant to paragraph 16 thereof, Hawkins acknowledges that he "voluntarily enter[ed] into [the Settlement] Agreement."

**WHEREFORE**, defendant respectfully requests that the Court enter an order of dismissal with prejudice, pursuant to the attached stipulation of dismissal. A proposed Order of Dismissal is submitted herewith.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

**EXHIBIT A**

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| Kevin J. Hawkins, Sr., ) | Docket No. DC-1221-08-0064-W-1 |
| ) | |
| ) | Administrative Judge |
| Appellant, ) | Edward F. Manning |
| ) | |
| v. ) | |
| ) | |
| Department of Justice, ) | |
| ) | |
| Agency. ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by Kevin J. Hawkins (hereinafter "Employee") and the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or "Agency") to settle and fully resolve any and all claims arising out of Employee's employment with ATF through the effective date of this Agreement, including but not limited to the complaint assigned United States District Court Civil Case No. 02077, Merit Systems Protection Board Appeal Docket Number DC-1221-08-0064-W-1 and your additional pending Office of Special Counsel complaint. To this end, Employee and ATF (collectively "the parties") do fully resolve any and all claims that have or could have been made by Employee to the time of this Agreement, freely agreeing and stipulating to the terms set forth below.

The parties agree as follows:

1. The Agency agrees to allow the Employee to full-time Telework from the date of this agreement through April 9, 2008. While Employee is Teleworking, Employee agrees to report directly to Assistant Human Resources Officer Helen Oates. Employee agrees that during the period of time he is Teleworking, he is not entitled to earn compensatory time or overtime (**Telework Agreement Attached**). The Employee further agrees prior to going on full-time Telework, he will meet with Helen Oates for a reasonable period of time to transition his workload and turn over any documents he may have in his possession, including but not limited to the documented bargaining unit history for the 2006-2007 contract negotiations maintained by the Bargaining Historian. Tara Scavo will attend the transition meeting to ensure compliance with the terms of the Agreement.

2. Employee agrees to report to Helen Oates at ATF Headquarters on April 9, 2008 at 9 AM to return all ATF issued property, including but not limited to, his building pass, computer and cell phone. The Agency agrees to provide Employee's twenty- year career certificate, plaque, etc. The Agency agrees to allow Employee to keep his Government issued identification card until he is off the rolls of the Agency.

3. The Agency agrees to remove negative comments and remarks from Employee's 2007 performance appraisal. The Agency agrees to change Employee's rating from Fully Successful to Exceeds Fully Successful in the Customer Service element on his 2007 performance appraisal. As a result of that change, the Agency agrees to change Employee's overall rating to an "Outstanding". However, the

employee will not receive any performance awards associated with this change. The Agency agrees to change the supervisors listed on Employee's 2007 performance appraisal to first line supervisor Helen Oates and second line supervisor Vivian Michalic. The agreed upon 2007 performance appraisal will be provided to Employee upon signing of this agreement. (Agreed upon 2007 Appraisal Attached).

4. The Agency agrees to restore to Employee 458 hours of annual leave and 170 hours of sick leave (WebTA updated Report will be provided within 30 days of signing this Agreement).

5. The Agency agrees that Employee's use of leave between the date of execution of this agreement and April 8, 2008, is permissive, such that Employee's use thereof does not require supporting documentation.

6. Employee agrees to be placed on leave (combination of annual and sick including accrued annual and sick leave) from April 9, 2008 through July 31, 2008, or until his leaves runs out which may occur prior to that date. The Agency agrees that Employee may first use his sick leave, and, if necessary, then use his annual leave.

7. The Agency agrees that any remaining leave the employee has after resignation/transfer will be transferred to his new Federal government agency. If employee does not return to the Federal government, any annual leave he has remaining will be paid to him.

8. By his signature on this Agreement, Employee hereby resigns his employment with the Agency effective the close of business the day on which his leave expires, if he has not resigned/transferred from the Agency prior to that date.

9. In consideration for the Agency's promises as outlined above, Employee agrees to, and hereby does by his signature below, to enter into a Stipulation of Settlement and Order of Dismissal in his district court case pending in the United States District Court for the District of Columbia, Hawkins v. Department of Justice, Civil Action Case No. 07-cv-02077; his Merit Systems Protection Board Appeal, Hawkins v. Department of Justice, Docket Number DC-1221-08-0064-W-1; any pending complaints before the Office of Special Counsel; and any other pending claims he may have against the Agency, all with prejudice.

10. Employee agrees to direct requests for employment references to Deputy Assistant Director for the Office of Management, Vivian Michalic (current telephone number is (202) 648-7835), in Washington, D.C, for response. In making such a response, the Agency agrees to provide or verify only the following information: employment dates, separation date (if separated), and 2007 performance appraisal dates; position; salary; and performance rating. The responsibility for directing a requestor to Vivian Michalic rests solely with Employee.

11. By signing this Agreement, Employee releases and discharges the United States, the Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives and their employees, agents and officials, in both their individual and official capacities, from any and all liability, claims, causes of action, etc., resulting from or relating to, in any way whatsoever, the subject matter of this agreement, or otherwise concerning Employee's employment with the Agency to the date this agreement is fully executed, including the underlying action and any pending claims. Employee furthermore agrees that this Agreement will not be used by him in public to discredit ATF.

12. The parties acknowledge this Agreement does not constitute an admission by ATF of any violation of applicable laws, or of any other Federal, state or local statutes or regulations.

13. Employee agrees he is not entitled to any expenses, costs, or any damages or relief, including attorneys' fees, regarding any matter that is subject to this Agreement, its preparation and its execution, or otherwise regarding Employee's employment with the Agency, that are not set forth in this Agreement.

14. This Agreement constitutes the complete understanding of the parties. No other promises are binding unless they are in writing and signed by the parties.

15. The Board shall retain jurisdiction over enforcement of this agreement. However, before seeking enforcement of this agreement by the Board, Appellant will first contact the Associate Chief Counsel (Administration & Ethics) as to any questions, concerns or issues about Agency compliance with the agreement, and afford the Agency at least 10 business days to address the questions, concerns or issues raised before seeking a petition to enforce the agreement with the Board.

16. The parties acknowledge they understand the terms and conditions set forth in this Agreement, and that they voluntarily enter into this Agreement.

17. This agreement may be executed in multiple copies and is effective on the date of the last signature below.

_____　　　03/26/08
Kevin J. Hawkins　　　　　　　　　　　　Date
Complainant

_____　　　3/26/08
Mortimer Coward, Esq.　　　　　　　　　Date
Employee's Representative

_____　　　3-26-08
Vivian Michalic　　　　　　　　　　　　Date
Deputy Assistant Director
Office of Management

_____　　　3/26/08
Tara Scavo, Esq.　　　　　　　　　　　Date
Agency Representative

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid to:

>Kevin Hawkins
>8705 Bolero Court
>Clinton, MD 20735

on this 25th day of April, 2008.

>     /s/
>JOHN G. INTERRANTE
>Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN HAWKINS,** | ) |
| Plaintiff, | ) Civil Action No. 07-2077 (PLF) |
| v. | ) |
| **DEPARTMENT OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES,** | ) |
| Defendant. | ) |

## ORDER

Upon Consideration of the Stipulation of Dismissal filed in the case, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), and pursuant to the express terms of the Settlement Agreement entered into by plaintiff, Kevin J. Hawkins, and defendant, Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, on March 26, 2008, it is hereby **ORDERED** that the complaint in this action is **DISMISSED** with prejudice.

It is **SO ORDERED** this _____ day of _____, 2008.

Paul L. Friedman
United States District Judge