UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **KEVIN HAWKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-2077 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| **DEPARTMENT OF JUSTICE,** | ) | |
| **BUREAU OF ALCOHOL, TOBACCO,** | ) | |
| **FIREARMS & EXPLOSIVES,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S MOTION TO DISMISS

Defendant, United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), by and through undersigned counsel, respectfully moves the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss this action in its entirety for failure to state a claim upon which relief can granted. In support of this motion, defendant respectfully refers the Court to the accompanying memorandum of points and authorities, and to Defendant's Notice of Filing of Stipulation of Dismissal ("Notice"), filed on April 25, 2008 (Document 6), which is incorporated herein by reference.

Specifically, defendant notified the Court that "on March 26, 2008, plaintiff, Kevin J. Hawkins, who is proceeding pro se in this case, and ATF have executed a global 'Settlement Agreement' that 'resolv[ed] any and all claims arising out of [Hawkins'] employment with ATF . . . including but not limited to the complaint [in the instant case]'" (Notice at 1). Accordingly, Plaintiff's claims in this case are now barred because they were released in the settlement agreement,

which was attached as Exhibit A to the Notice, and the complaint should be dismissed.[1]  A proposed Order consistent with this motion is attached hereto.

                                              Respectfully submitted,

                                               /s/
                                          JEFFREY A. TAYLOR, D.C. Bar # 498610
                                          United States Attorney

                                               /s/
                                          RUDOLPH CONTRERAS, D.C. Bar # 434122
                                          Assistant United States Attorney

                                             /s/
                                          JOHN G. INTERRANTE
                                          PA Bar # 61373
                                          Assistant United States Attorney
                                          Civil Division
                                          555 4th Street, N.W.
                                          Washington, D.C. 20530
                                          (202) 514-7220
                                          (202) 514-8780 (fax)
                                          John.Interrante@usdoj.gov

---

[1]  Defendant files this motion to dismiss in lieu of a Joint Stipulation of Dismissal because, nothwithstanding the plain language of the settlement agreement, plaintiff has failed to execute a separate stipulation drafted by defendant and submitted to plaintiff for his signature.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KEVIN HAWKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-2077 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| **DEPARTMENT OF JUSTICE,** | ) | |
| **BUREAU OF ALCOHOL, TOBACCO,** | ) | |
| **FIREARMS & EXPLOSIVES,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), respectfully submits this memorandum of points and authorities in support of defendant's motion to dismiss the complaint filed by pro se plaintiff, Kevin Hawkins, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

**BACKGROUND**

Plaintiff's complaint in the instant case alleges employment discrimination by ATF, his employer, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff also asserted claims arising from his ATF employment in matters pending before the Merit Systems Protection Board ("MSPB") and Office of Special Counsel. On March 26, 2008, plaintiff, his authorized representative, and ATF executed a global "Settlement Agreement" in the MSPB matter, which is captioned as Kevin J. Hawkins v. Department of Justice, Docket No. DC-1221-08-0064-W-1 (Edward J. Manning, Administrative Judge). See Settlement Agreement attached as Exhibit A to Defendant's Notice of Filing of Stipulation of Dismissal ("Notice"), filed on April 25,

2008 (Document 6). In its introductory paragraph, the settlement agreement stated its purpose was to "settle and fully resolve any and all claims arising out of [Hawkins'] employment with ATF through the effective date of this Agreement, including but not limited to the complaint assigned United States District Court Civil Case No. [07-]02077 [the instant case]."

Plaintiff and ATF expressly agreed that the Settlement Agreement could be filed as a stipulation of dismissal of this action, with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. Specifically, pursuant to paragraph 9 of the Settlement Agreement, plaintiff agreed to the following:

> In consideration for the [ATF]'s promises as outlined above, [Hawkins] agrees to, and hereby does by his signature below, to enter into a Stipulation of Settlement and Order of Dismissal in his district court case pending in the United States District Court for the District of Columbia, Hawkins v. Department of Justice, Civil Action No. 07-cv-02077 . . . . with prejudice.

(Ex. A) (emphasis added).

In addition, pursuant to paragraph 11 of the Settlement Agreement, Hawkins "release[d] and discharge[d] [ATF] . . . from any and all liability, claims, causes of action, etc., resulting from or relating to, in any way whatsoever, the subject matter of this agreement, or otherwise concerning [Hawkins'] employment with ATF to the date this agreement is fully executed . . . ." Hawkins and ATF also stipulated in paragraph 12 of the Settlement Agreement that the "Agreement does not constitute an admission by ATF of any violation of applicable laws, or of any other Federal, state or local statute or regulations."

Finally, pursuant to paragraph 16 thereof, Hawkins acknowledged that he "voluntarily enter[ed] into [the Settlement] Agreement."

## LEGAL STANDARD

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine whether the plaintiff has alleged sufficient facts in its complaint to state a cause of action. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court must accept all well-pleaded facts as true. Doe v. United States Dept. of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). If, after reviewing the complaint, the Court finds "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Court must dismiss the complaint. Conley, 355 U.S. 45-46; cf. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (Pursuant to Rule 12(b)(6), plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face"). Generally speaking, the Court should not consider matters beyond the pleadings without converting the motion for summary judgment. Fed. R. Civ. P. 12(b)(6). In this case, the authenticity of the Settlement Agreement, which was previously filed with the Court, is uncontested and serves as a bar to litigation of plaintiff's claims in this case.

## ARGUMENT

### I.  Plaintiff's Claims Are Barred Due to His Release of All Claims Against the Defendant in a Global Settlement

Subsequent to the filing of this lawsuit, Plaintiff entered into a global settlement agreement explicitly releasing Defendant from any and all claims arising from his employment with ATF, including all discrimination claims asserted in the instant case. Therefore, all of his claims against Defendant are now barred entirely. "The doctrines of res judicata and collateral estoppel are

designed to 'preclude parties from contesting matters that they have had a full and fair opportunity to litigate.'" Carter v. Rubin, 14 F. Supp. 2d 22, 33 (D.D.C. 1998) (quoting Montana v. United States, 440 U.S. 147-153-54 (1979)). "These doctrines protect parties from the expense and burdens associated with multiple lawsuits, conserve judicial resources, and reduce the possibility of inconsistent decisions." Id. at 33-34 (citing United States v. Mendoza, 464 U.S. 154, 158-59 (1984); Bailey v. DiMario, 925 F. Supp. 801, 810 (D.D.C. 1995)). "Under res judicata, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Id. at 34 (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). "Collateral estoppel, or issue preclusion, similarly bars 'relitigation of [an] issue in a suit on a different cause of action involving a party to the first case.'" Id. (quoting Allen, 449 U.S. at 94) (remaining citations omitted).

Typically, the courts look to the terms of the agreement to determine whether it evinces an intention by the parties to bar future litigation of some claims or issues. Carter, 14 F. Supp. at 34 (citing Levinson v. United States, 969 F.2d 260, 264 (7th Cir. 1992)). Although the general rule is that res judicata and collateral estoppel do not apply where the claims sought to be precluded were allegedly determined in a stipulation or a judgment by consent, the Seventh Circuit explained in Levinson that "[t]here is an exception to this general rule where the parties to a stipulation or consent judgment intended to foreclose an issue from future litigation." Id. Thus, a settlement agreement intended to release a claim or permanently resolve an issue bars future litigation of that claim or issue under the doctrines of res judicata and collateral estoppel. See id.

Plaintiff clearly intended to release and permanently resolve all discrimination claims arising from his employment with ATF, as asserted in this lawsuit, in the global settlement agreement,

which expressly provided in its introductory paragraph:

> The Settlement Agreement ("Agreement") is entered into by Kevin J. Hawkins (hereinafter "Employee") and [ATF] to <u>settle and fully resolve any and all claims arising out of Employee's employment with ATF</u> through the effective date of this Agreement [March 26, 2008], including but not limited to the complaint assigned United States District Court Civil Case No [07-]02077 . . .

(Ex. A to to Defendant's Notice of Filing of Stipulation of Dismissal). Furthermore, plaintiff expressly agreed in paragraph 9 that the settlement agreement would serve as a "Stipulation of Settlement" in "his district court case pending in the United States District Court for the District of Columbia, Hawkins v Department of Justice, Civil Action Case No. 07-cv-02077 [the instant case]." <u>Id.</u> Plaintiff's intent to foreclose further litigation of the claims alleged in the instant complaint could not have been stated more clearly in the settlement agreement.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss should be granted.

                                  Respectfully submitted,

                                    /s/  
                                JEFFREY A. TAYLOR, D.C. Bar # 498610  
                                United States Attorney

                                    /s/  
                                RUDOLPH CONTRERAS, D.C. Bar # 434122  
                                Assistant United States Attorney

                                    /s/  
                                JOHN G. INTERRANTE  
                                PA Bar # 61373  
                                Assistant United States Attorney  
                                Civil Division  
                                555 4th Street, N.W.  
                                Washington, D.C. 20530  
                                (202) 514-7220  
                                (202) 514-8780 (fax)  
                                John.Interrante@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid to:

>Kevin Hawkins
>8705 Bolero Court
>Clinton, MD 20735

on this <u>8th</u> day of August, 2008.

                                      ____/s/_____
                                      JOHN G. INTERRANTE
                                      Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN HAWKINS,** | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 07-2077 (PLF) |
| | ) |
| v. | ) |
| | ) |
| **DEPARTMENT OF JUSTICE,** | ) |
| **BUREAU OF ALCOHOL, TOBACCO,** | ) |
| **FIREARMS & EXPLOSIVES,** | ) |
| | ) |
| Defendant. | ) |

Upon Consideration of Defendant's Motion to Dismiss Complaint, and the entire record herein, it is hereby **ORDERED** that the motion is **GRANTED**.

It is further **ORDERED** that the complaint in this case is dismissed with prejudice.

It is **SO ORDERED** this _____ day of _____, 2008.


_____
Paul L. Friedman
United States District Judge